UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GRACE CAMPBELL,

    Plaintiff,

v.

CATHOLIC COMMUNITY SERVICES
OF WESTERN WASHINGTON,

    Defendant.

Case No. C10-1579RSL

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT ON DEFENSES

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment on Defenses (Dkt. # 35). Plaintiff argues that each of Defendant's seven affirmative defenses are either not legally cognizable or lack factual support. It further argues that Defendant should be barred from adding to those defenses. For the reasons set forth below, the Court GRANTS Plaintiff's motion IN PART. Only Defendant's third and seventh defense are valid. The rest are stricken or dismissed. Otherwise, the Court declines to categorically bar Defendant from amending his answer. It will treat any request on an individual basis.

## I. BACKGROUND

The Court described the background facts underlying this matter in the Court's "Order Granting in Part Defendant's Motion for Summary Judgment" (Dkt. # 50). It will not repeat those facts here. Rather, the Court notes that in response to Plaintiff's complaint, Defendant asserted the following seven defenses:

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON DEFENSES - 1

> 1. Any damages sustained by Plaintiff herein were caused in whole or in part by the actions or omissions of Plaintiff herself.
>
> 2. Plaintiff fails to state a claim as against CCS of Western Washington upon which relief can be granted.
>
> 3. Plaintiff's claims are barred by failure to mitigate her damages.
>
> 4. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.
>
> 5. Plaintiff's claims are without reasonable factual or legal basis such that CCS of Western Washington is entitled to recover its attorney's fees and costs for defending Plaintiff's 13 claims under 42 U.S.C. § 2000e-5(g), as pled by Plaintiff.
>
> 6. Any actions taken by Defendants were justified.
>
> 7. With respect to Plaintiff's claims for monetary relief, Defendants are entitled to a set-off from any liability for sums earned by Plaintiff from termination.

Answer (Dkt. # 25) at 5. Defendant further reserved "the right to amend [its] answer as necessary as information is discovered, and/or in the event Plaintiff provides a more definite statement of his claims or identifies the proper party." Id.

## II. DISCUSSION

To reiterate, Plaintiff argues that each of Defendant's seven defenses are either not legally cognizable or without factual support. In regard to two of its defenses, its fourth (statute of limitations) and its fifth (attorney's fees and costs for defending), Defendant agrees. Accordingly, the Court GRANTS Plaintiff's motion as to each.[1]

As to the remaining defenses, the Court tests each first for compliance with Federal Rule of Civil Procedure 8(c), which requires that "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to

---

[1] To be clear, the Court grants Plaintiff's motion as to the fifth in reliance on Plaintiff's concession that she is disclaiming her right to bring a Title VII discrimination claim. Reply (Dkt. # 46) at 6.

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON DEFENSES - 2

recover, even if the allegations of the complaint are true." Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987); accord Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).

The Court then considers whether those that remain are amenable to judgment as a matter of law for lack of a genuine issue of material fact. Fed. R. Civ. P. 56(c). As to that consideration, Plaintiff bears the initial burden of informing the Court of the basis for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). She must prove each and every element of her claims or defenses such that "no reasonable jury could find otherwise." Eli Lilly & Co. v. Barr Labs., Inc., 251 F.3d 955, 962 (Fed. Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("If the defendant in a run-of-the-mill civil case moves for summary judgment . . . based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."). Only once she makes that initial showing does the burden shift to the nonmoving party to show by affidavits, depositions, answers to interrogatories, admissions, or other evidence that summary judgment is not warranted because a genuine issue of material fact exists. Celotex, 477 U.S. at 324.

Notably, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247–48 (emphasis omitted). To be material, the fact must be one that bears on the outcome of the case. And a genuine issue exists only if the evidence is such that a reasonable trier of fact could resolve the dispute in favor of the nonmoving party. Id. at 249. "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." Id. at 249–50. In reviewing the evidence "the

court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150 (2000).

**A. First Defense: Legitimate, Non-Discriminatory Basis for Employment Action**

Plaintiff's complaint regarding Defendant's first defense is best summarized as a lack of understanding as to what Defendant is asserting. Believing Defendant to be asserting a defense of contributory negligence or comparative fault, she argues that neither serves as a valid defense to an action brought under either the Uniformed Services Employment and Reemployment Rights Act ("USERRA") or Washington's "Law Against Discrimination" ("WLAD")—the two bases for her claim. Opp. (Dkt. # 40) at 5. In response, Defendant explains its first defense as follows:

> The conduct of a complainant in an employment discrimination case is a valid legal defense and is relevant and important for a determination of liability and damages. It is undisputed that an employment discrimination plaintiff may only prevail on a claim if he or she can demonstrate that his or her status in a protected class was a motivating factor" [sic] in the alleged adverse employment action. However, if the employer demonstrates a legitimate nondiscriminatory basis for the employment action, then a plaintiff's claims fail.

Id. (citing English v. Colo. Dep't of Corr., 248 F.3d 1002, 1011 (10th Cir. 2001).

Defendant is correct of course. As this Court explained in its prior Order (Dkt. # 50), an employer may overcome a USERRA or WLAD claim by demonstrating that it "would have taken the same action without regard to the employee's protected status." Wallace v. City of San Diego, 479 F.3d 616, 625 (9th Cir. 2007); see Becker v. Wash. State Univ., 266 P.3d 893, 902 (Wash. Ct. App. 2011) ("Once the employee establishes a prima facie case of . . . discrimination, the burden of production shifts to the employer, who must show a legitimate, nondiscriminatory reason for its conduct. If the employer meets its burden of production, the employee must then show the employer's proffered reason was mere pretext for discrimination." (citations omitted)).

Plaintiff's misunderstanding is understandable, however, given that, as explained by Defendant, the first defense is not an affirmative defense at all. See Zivkovic, 302 F.3d at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). It is not "extraneous to the [P]laintiff's prima facie case"; it does not "deny [P]laintiff's right to recover, even if the allegations of the complaint are true." See Wallace, 479 F.3d at 625; Becker, 266 P.3d at 902. Instead, it is merely a denial of liability—an argument that Plaintiff has failed to satisfy her burden under of showing a violation under either USERRA or RCW 49.60.180. Thus, while Defendant acted prudently in alleging its denial as an affirmative defense,[2] the Court must STRIKE it.

Notably, though, to the extent Plaintiff requests that the Court enter judgment in its favor as to Defendant's defense against liability, the Court DENIES the motion. For the reasons discussed in the Court's prior Order (Dkt. # 50), significant issues of material fact exist in regard to Defendant's liability. Accordingly, the Court will submit the matter to the jury with instructions that they should not find Defendant liable if they conclude that it terminated Plaintiff for a "legitimate, nondiscriminatory reason." See Ninth Circuit Model Civil Jury Instruction 10.3.

**B. Second & Sixth Defense: More of the Same**

Defendant's second and sixth defenses are also open to differing interpretations. Nevertheless, in response to Plaintiff's motion, Defendant clarifies that its second also refers to its right to present evidence that it terminated Plaintiff for a legitimate, nondiscriminatory reason. Opp. (Dkt. # 40) at 6–7. And the same is true of its sixth. Id. at 9 ("[T]he existence of a legitimate, nondiscriminatory reason for the adverse

---

[2] As noted in Wright and Miller's Federal Practice and Procedure, a prudent pleader will often "set up affirmatively matter that technically may not be an affirmative defense but nonetheless might fall within the residuary clause of Rule 8(c)" "to avoid waiving an otherwise valid defense." 5 Fed. Prac. & Proc. Civ. § 1271 (3d ed.).

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON DEFENSES - 5

employment decision defeats a discrimination claim."). Accordingly, for the reasons previously stated, the Court STRIKES each. Zivkovic, 302 F.3d at 1088.

**C. Third Defense: Failure to Mitigate Damages**

Defendant's third defense is that "Plaintiff's claims are barred by failure to mitigate her damages." Failure to mitigate is generally a valid affirmative defense. See 5 Fed. Prac. & Proc. Civ. § 1271 (3d ed.). Nevertheless, Plaintiff raises two complaints. First, she argues that mitigation of damages is not a defense to an USERRA action. Second, she states that Defendant has failed to present sufficient evidence to make a prima facie case and that she is therefore entitled to judgment as a matter of law. The Court finds neither argument persuasive.

As to the first, the Court notes that it is true that USERRA itself makes no mention of an obligation to mitigate. However, federal regulations do. See 20 CFR § 1002.103(b) ("Service performed to mitigate economic harm where the employee's employer is in violation of its employment or reemployment obligations to him or her."). Moreover, other courts have recognized that a jury may reduce a service member's award of damages if it finds that the service member has failed take steps to mitigate. E.g., Johnson v. Guerrieri Mgmt., Inc., 437 Fed. App'x. 853, 856–57 (11th Cir. 2011) (concluding that jury instruction regarding service member's duty to mitigate damages was accurate (citing Ford Motor Co. v. E.E.O.C., 458 U.S. 219, 231 (1982) (Title VII case) (holding that a plaintiff has a statutory duty to minimize damages in an employment discrimination case)); Carpenter v. Tyler Indep. Sch. Dist., 226 Fed. App'x. 400, at *1 (5th Cir. 2007) (per curiam). Plaintiff has offered no reason why this Court should not follow their example. See Mot. (Dkt. # 35) at 6.

As to Plaintiff's second argument, the Court agrees that Defendant has yet to provide any compelling evidence that Plaintiff failed to take reasonable steps to find replacement employment. See Sias v. City Demonstration Agency, 588 F.2d 692, 696

(9th Cir. 1978) ("The burden of proving a failure to mitigate damages in an employment discrimination suit is on defendant. To satisfy this burden, defendant must establish (1) that the damage suffered by plaintiff could have been avoided, *i.e.* that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position." (citations omitted)).

Nevertheless, the Court cannot conclude that no evidence supports the defense. As Plaintiff concedes, she did decline a position with "DSHS-Home and Community Services." Dkt. # 41-1 at 5. And while unlikely, the Court cannot say that a reasonable juror would not find that fact probative as to any award of back damages Plaintiff might otherwise receive. See Ford Motor Co., 458 U.S. at 231–32 ("Although the unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position, he forfeits his right to backpay if he refuses a job substantially equivalent to the one he was denied."). Thus, so long as Defendant presents sufficient evidence at trial, the matter will be submitted to the jury. See Ninth Circuit Model Civil Jury Instruction 11.7A; Wallace, 479 F.3d at 631.

## D. Seventh Defense: Set-Off of Damages

Defendant's final remaining affirmative defense is that, "[w]ith respect to Plaintiff's claims for monetary relief, Defendants are entitled to a set-off from any liability for sums earned by Plaintiff from termination." Answer (Dkt. # 25) at 5. In response, Plaintiff contends that set-off "is not a defense recognized by USERRA or WLAD" and that, regardless, it is "an argument for the jury on the proper amount of damages, . . . not a defense." Mot. (Dkt. # 35) at 9.

The Court recognizes that set-off is generally recognized as a valid affirmative defense. 5 Fed. Prac. & Proc. Civ. § 1271 (3d ed.). Thus, again, so long as Defendant

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON DEFENSES - 7

presents sufficient evidence at trial to submit the issue to the jury, the Court will instruct the jury in accordance with Ninth Circuit Model Civil Jury Instruction 11.7A.

**E. Additional Defenses**

Finally, Plaintiff asks the Court to preclude Defendant from amending its answer to allege any additional defense. Mot. (Dkt. # 35) at 9. The Court declines to grant such a broad request. The Court will consider any request to amend on an individual basis, keeping in mind that the Court's amendment and discovery deadlines have past. See Dkt. # 23.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion. Of Defendant's seven original defenses, only its mitigation and set-off defenses remain. Notably, though, the Court's striking of Defendant's first, second, and sixth defense is more form than substance. The Court will still instruct the jury as to the legal effect of Defendant's theory for non-liability. See Ninth Circuit Model Civil Jury Instruction 10.3.

DATED this 22nd day of February, 2012.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON DEFENSES - 8