THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRACE CAMPBELL,<br><br>                      Plaintiff,<br><br>v.<br><br>CATHOLIC COMMUNITY SERVICES OF WESTERN WASHINGTON,<br><br>                      Defendant. | NO.  C10-1579 JCC<br><br>PLAINTIFF'S MOTION FOR AWARD OF FEES, LITIGATION EXPENSES, AND AN AMOUNT TO OFF SET ADVERSE TAX CONSEQUENSES<br><br>DATE NOTED: JUNE 1, 2012 |

## I.   INTRODUCTION

On April 30, 2012, the jury in this matter returned a verdict in Plaintiff's favor for $485,000.00.  Judgment was later entered by the Court on May 3, 2012.  Under federal law and Washington state law, Plaintiff is entitled to reasonable attorney fees and litigation expenses.  As authorized by 38 U.S.C. § 4323(h) and RCW 49.60.030, Plaintiff files this motion requesting that the Court award reasonable attorney fees, expenses of litigation, and an award for adverse tax consequences resulting from the lump sum award of past economic damages.  In the event Defendant opposes this motion or files any other post-trial motion, Plaintiff requests that this Court also award reasonable attorney

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 1 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

fees and costs related to additional work, which Plaintiff will supplement along with any reply memorandum.

## II.    BACKGROUND AND RELEVANT FACTS

Plaintiff Grace Campbell first contacted Plaintiff's Counsel in March of 2008, shortly after learning she was terminated.  Ex. A to Beck Decl.  Immediately after Campbell's termination, it became apparent CCS was attempting to use the employment securities process as an avenue to acquire discovery or adverse rulings that would impact Campbell's employment case.  These efforts by CCS required Plaintiff's counsel to represent Campbell in the course of proceedings before the Washington State Employment Securities Department.  Ex. A to Beck Decl.  As expected, CCS did in fact seek to utilize the decision from the employment securities proceedings.  Dkt. # 68 (Defense Exhibit 585).

Early in this lawsuit, Plaintiff attempted without success to negotiate a settlement.  Specifically, by letter dated July 2, 2010, Plaintiff offered to engage in early mediation.  Ex. B to Beck Decl.  This offer was not accepted by Defendant, and this lawsuit followed.

During the course of litigation, CCS moved for summary judgment, predicated almost exclusively on a theory of causation.  Dkt. # 33.  This motion was denied in all material ways.  Dkt. # 50.[1]  Because of the number of affirmative defenses plead by CCS, Plaintiff moved for summary judgment to limit the issues for trial.  Dkt. # 35.  The Court dismissed the majority of these defenses.  Dkt. # 51.  Although mitigation of damages was not dismissed on summary judgment, CCS withdrew this defense before the case

---

[1] The only relief granted to CCS through its motion was to characterize Plaintiff's request for additional damages pursuant to 38 U.S.C. § 4323(b) as liquidated damages instead of punitive damages.  Dkt. # 50 at 8.  Plaintiff cited authority describing these damages as punitive in nature, Dkt. # 42 at 22-23, which the Court distinguished.  Ultimately, there was no practical difference that affected the damages award, and the jury awarded liquidated damages.

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 2 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

was submitted to the jury.  Shortly after the parties filed motions in limine, the case was transferred and set with a firm date for trial.  Dkt. # 61.

CCS's final and highest offer was made on April 3, 2012 in the form of an Offer of Judgment for $150,000.  Ex. C to Beck Decl.  While CCS made an initial offer on April 2, 2012 that was ambiguous as to whether it incorporated attorney fees, Beck Decl. Ex. D, CCS later filed an Amended Offer of Judgment clarifying that the offer was $150,000 inclusive of all fees and litigation expenses.  Beck Decl. Ex. C. ("Defendant . . . offers to allow judgment to be taken against said Defendant . . . in the sum of One Hundred Thousand Dollars ($150,000.00) inclusive of taxable costs and attorney's fees, and now accrued.").  This Offer of Judgment was ineffective at creating a resolution of the lawsuit because the offer was issued only days before trial and the attorney's fees and litigation expenses alone significantly exceeded the amount offered.

The case advanced for trial.  After four days of trial and two full days of deliberations, the jury returned with a substantial verdict in Campbell's favor.  This post trial motion follows.[2]

### III.    DISCUSSION

Pursuant to 38 U.S.C. § 4323(h) and RCW 49.60.030, which both provide for recovery of the costs of suit including reasonable attorneys' fees, Plaintiff respectfully requests the Court enter judgment against Defendants for her attorneys' fees and the expenses and costs of litigation in this matter, as well as an additional award for adverse tax consequences of the lump sum past economic damages award.

---

[2] After the verdict, Plaintiff's counsel sought and received a thirty day extension for filing this motion.

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 3 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

A. **Plaintiff is Entitled to Reasonable Attorneys' Fees and Litigation Expenses.**

38 U.S.C. § 4323(h) provides for recovery of the attorneys' fees and litigation expenses. This statute provides, in relevant part, that "the court may award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses." *Id.* Here, there is no question that Campbell is the prevailing party as the jury ruled in her favor and awarded substantial damages. Thus, she is entitled to a reasonable attorneys' fee and litigation expenses.

In determining what constitutes a reasonable award for litigation expenses and attorneys' fees, the Court should be mindful that "USERRA was enacted to protect the rights of veterans and members of the uniformed services[;] it must be broadly construed in favor of its military beneficiaries." *Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 312-313 (4th Cir. 2001).

Similarly, under Washington state law, a Plaintiff prevailing under a WLAD claim is entitled to recover "the costs of suit including reasonable attorney's fees . . . ." RCW 49.60.030(2). See also, *Broyles v. Thurston County*, 147 Wn. App. 409, 446 (2008) ("Successful plaintiffs under the WLAD are entitled to recover their attorney fees and costs incurred in pursuing their claims.").

B. **This Court Should Use the Well-Established Two Step Lodestar Methodology.**

The two step method for determining the award of reasonable attorneys' fees is now well established:

> Washington follows the lodestar method of determining reasonable attorney fees. *Bowers v. Transamerica Title Ins. Co.,* 100 Wn.2d 581, 597–99, 675 P.2d 193 (1983). The lodestar approach involves two steps. First, the trial court multiplies "a *reasonable* hourly rate by the number of hours *reasonably* expended on the matter." *Scott Fetzer Co. v. Weeks,* 122 Wn.2d 141, 149–50, 859 P.2d 1210 (1993); *Bowers,* 100 Wn.2d at 597, 675 P.2d 193. Second, the trial court adjusts the award "either upward or downward to reflect factors not

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 4 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

already taken into consideration." *Ross v. State Farm Mut. Auto. Ins. Co.,* 82 Wn. App. 787, 800, 919 P.2d 1268 (1996), *reversed on other grounds,* 132 Wn.2d 507, 940 P.2d 252 (1997); *Bowers,* 100 Wn.2d at 598–99, 675 P.2d 193.

*Broyles*, 147 Wn. App. at 452. These two steps are taken in turn below.

### (1) Reasonableness of the Hourly Rates

The requested reasonable hourly rate for the attorneys and staff who performed work on this case are $325 to $350 for Partners, $225 to $250 for associates, and $125 for paralegals and technology staff. These rates are reasonable and within the range of those typically charged locally.[3] Declaration of Judith Lonnquist at ¶ 8; Beck Decl. ¶ 11.

In *Vizcaino v. Microsoft*, 142 F. Supp. 2d 1299, 1305 (W.D. Wash. 2001), this Court approved the hourly rates of $350 for partners at Bendich, Stobaugh, & Strong, and $250-$300 for its associate attorneys. The Ninth Circuit also approved these rates. *Vizcaino v. Microsoft,* 290 F.3d 1043, 1051 (9th Cir. 2002). Plaintiff's counsel's requested rates are consistent with those awarded in *Vizcaino* over ten years ago.

### (2) The Number of Hours Expended by Counsel is Reasonable

As of May 2, 2012, the total attorney and staff time expended is set forth in the table below:

| Name | Total Hours | Requested Rate | Fee |
|---|---|---|---|
| James W. Beck | 370.2 | $350.00 | $129,570.00 |
| Andrea McNeely | 431.9 | $325.00 | $140,367.50 |
| Bradley Maxa | 0.1 | $350.00 | $35.00 |
| Durham McCormick | 0.2 | $325.00 | $65.00 |

---

[3] The reasonable geographic area for purposes of determining a reasonable hourly rate for Plaintiff's counsel is the entire Puget Sound region. *Broyles v. Thurston County*, 147 Wn. App. 409, 447, 195 P.3d 985 (2008).

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 5 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

| | | | |
|---|---:|---:|---:|
| Christine Sanders | 46.3 | $250.00 | $11,575.00 |
| Shelly Andrew | 0.4 | $250.00 | $100.00 |
| Andre Penalver | 23.5 | $225.00 | $5,287.50 |
| Desiree Williams | 225.8 | $125.00 | $28,225.00 |
| Gina Lane-Steward | 9.5 | $125.00 | $1,187.50 |
| Robbyn Ramirez | 8.5 | $125.00 | $1,062.50 |
| Heather Schultz | 5.3 | $125.00 | $662.50 |
| Christopher Paz | 5.8 | $125.00 | $725.00 |
| | | | |
| TOTAL FEE AMOUNT THROUGH MAY 2, 2012 | | | $318,862.50 |

From May 3, 2012 to the filling of this motion, additional attorney time was expended in preparing this fee petition. These legal fees are also recoverable. *Bowers v. Transamerica Title Co.*, 100 Wn. 2d 581, 599, 675 P.2d 193 (1983); *Kinney v. International Broth. of Elec. Workers*, 939 F.2d 690, 695 (9th Cir. 1991); *Manhart v. City of Los Angeles, Dept. of Water and Power,* 652 F.2d 904, 909 (9th Cir. 1981) ("[i]t would be inconsistent to dilute an award of fees by refusing to compensate an attorney for time spent to establish a reasonable fee."), *judgment vacated on other grounds*, 461 U.S. 951 (1983).

The total attorney time and staff time expended is set forth in the table below:

| Name | Total Hours | Requested Rate | Fee |
|---|---:|---:|---:|
| James W. Beck | 21.40 | $350.00 | $7,490.00 |
| Andrea McNeely | 10.0 | $325.00 | $3,250.00 |
| Brooke A. Johnson | 6.20 | $250.00 | $1,550.00 |
| Desiree Williams | 1.9 | $125.00 | $237.50 |
| | | | |
| TOTAL FEE AMOUNT FROM MAY 3, 2012 TO MAY 16, 2012 | | | $12,527.50 |

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 6 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

(3) **Pursuant to Washington State Law, Plaintiff Requests A Multiplier Of 1.5 On Work Performed Prior To the Judgment Date of May 3, 2012**

Under Washington law, the trial court has discretion to adjust the lodestar amount. As explained by the Washington Supreme Court: "After the lodestar has been calculated, the court may consider adjusting the award to reflect additional factors." *Chuong Van Pham v. City of Seattle*, Seattle City Light, 159 Wn.2d 527, 541 (2007). "'Adjustments to the lodestar are considered under two broad categories: the contingent nature of success, and the quality of work performed.'" *Id*. (quoting *Bowers,* 100 Wn.2d 581). The contingent nature of success is also referred to as the "risk factor." *Broyles v. Thurston County*, 157 Wn. App. 409, 453, 195 P.3d 985 (2008) (quoting *Dailey v. Testone*, 72 Wn.2d 662, 664, 435 P.2d 24 (1967)). These categories have been analyzed to account for various subjective factors. In this case, a 1.5 multiplier is appropriate for the work performed through judgment based on both contingent nature of success and the quality of work performed.

a. **The Difficulty of the Questions Involved and the Skill Required**

Plaintiff litigated and tried this case in a diligent and efficient manner. Due to the novelty and difficulty of the claims against a large organization such as Defendant, the claims involved significant lawyer and staff time. In addition, this case involved knowledge and experience in the specific area of employment law affecting military personnel. Plaintiff's counsel worked to effectively present the case throughout the litigation and at trial, and withstood an extensive motion for summary judgment. Counsel for Plaintiff devote a large portion of their practice to employment litigation and both have represented plaintiffs in a number of military discrimination cases since 2005. McNeely Decl. at ¶ 2. As in *Broyles*, this factor supports the requested multiplier. 147

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 7 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Wn. App. 409, 449 (2008); see also *Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 335, 858 P.2d 1054, 1073 (1993) (trial court properly multiplied the lodestar amount by 1.5 based upon the fact that part of the fees were contingent upon success, the quality of the work performed and the difficulty of the case).

### b. The Benefit to the Client

The benefit to Plaintiff Grace Campbell can be measured in both economic and non-economic terms. Campbell's monetary award was significant, particularly in cases of this nature. Ex. E to Beck Decl. In addition, witnesses at trial, including Campbell, testified about the effect termination had on Campbell's ability to find other employment, her confidence and well-being, and her reputation in the community. A verdict in Campbell's favor provides redress for these injuries as well as the public benefit involved in pursuing discrimination. *Martinez v. City of Tacoma*, 81 Wn. App. 228, 241 (1996) ("discrimination is a matter of state concern that … threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state.").

### c. The Contingency or Certainty in Collecting the Fee

This case was taken on a contingency basis and involved substantial risk of no recovery. "The contingency adjustment is based on the notion that attorneys generally will not take high risk contingency cases, for which they risk no recovery at all for their services, unless they can receive a premium for taking that risk." *Chuong Van Pham*, 159 Wn.2d at 541. Indeed, "the WLAD places a premium on encouraging private enforcement and as discussed above, the possibility of a multiplier works to encourage civil rights attorneys to accept difficult cases." *Id*. at 542. In applying this factor, both the trial court and Court of Appeals in *Broyles* approved a multiplier of 1.5 for the work

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 8 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

performed through trial.  147 Wn. App. 449-453.   As in *Broyles*, the work performed in this case was on a contingency basis.  Beck Decl. ¶ 2.

### d.  The Character of the Employment

Representation in this case spanned four years, including the time during which Plaintiff was deployed to Iraq, which creates a substantial delay in payment for legal services.  Because of the risk, delay, and cost involved in cases such as this, Plaintiff's counsel can only accept a limited number of cases.  Moreover, the important commitment of time on this case over the past four years has precluded Plaintiff's counsel from accepting other work, including hourly work.  McNeely Decl. at ¶ 3.

### C. Plaintiff's Litigation Expenses Were Reasonable And Necessary for the Successful Prosecution of This Case and Are Recoverable.

Unlike the limited costs a successful plaintiff can recover in most cases, RCW 49.60 and USERRA allow for the recovery of all reasonable litigation expenses.  RCW 49.60.030(2); 38 U.S.C. § 4323(h).  Plaintiffs can recover costs for expert witnesses, depositions, traveling, photocopying, telephone calls, facsimiles, computer legal research (i.e., LEXIS and Westlaw), and other charges normally charged to a fee-paying client. *Snell v. Reno Hilton Resort*, 930 F. Supp. 1428, 1434 (D. Nev. 1996) (photocopying, paralegal, telephone, facsimile, computer research, anything normally charged to fee-paying client); *Xieng v. Peoples Nat'l Bank of Washington*, 120 Wn.2d 512, 530, 844 P.2d 389 (1993).

Plaintiff requests litigation expenses of $25,592.46.  Detailed support for these expenses is attached as Exhibits G and H to the Beck Declaration.

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 9 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

**D.  Pursuant to *Blaney v. International Association of Machinists*, 151 Wn.2d 203 (2004), Plaintiff Requests An Award To Offset Adverse Tax Consequences Associated with the Judgment in this Matter.**

Under Washington law, this Court should award Campbell an additional amount of recovery as an offset for the additional federal income tax consequences that will follow from the judgment in this matter. In *Blaney*, the Washington Supreme Court held such an award is appropriate:

> We affirm the Court of Appeals' decision that WLAD entitles Ms. Blaney to an offset for the additional federal income tax consequences, but do so on different grounds. Whereas the Court of Appeals characterized the offset as actual damages, we instead characterize it as "any other appropriate remedy authorized by … the United States Civil Rights Act." RCW 49.60.030(2). This characterization is supported by the liberal construction to be given WLAD and federal precedent holding that Title VII's expansive equitable remedies include offsets for additional federal income tax consequences.

*Blaney*, 151 Wn.2d at 217-18. The Court reasoned that "[b]ecause WLAD incorporates remedies authorized by the federal civil rights act and that statute has been interpreted to provide the equitable remedy of offsetting additional federal income tax consequences of damage awards, we hold that WLAD allows offsets for additional federal income tax consequences." *Id*. at 215-16.

Here, the adverse tax consequences are calculated at $14,482. Declaration of Teresa Jackson at ¶ 8. Plaintiff requests that the Court award this amount pursuant to *Blaney*.

## IV.  CONCLUSION

Plaintiff, as the prevailing party in this litigation, respectfully requests that the Court award: (1) attorney's fees through May 2, 2012, in the amount of $318,862.50; (2); attorneys' fees incurred for work from May 3, 2012 to May 16, 2012 in an amount of

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 10 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

$12,527.50; (3) pursuant to Washington State Law, a multiplier of 1.5 on attorney's fees performed before judgment was entered, $159,431.25; (4) litigation expenses, including interest, through May 16, 2012 of $25,592.46; (5) an additional award to Plaintiff of $14,482.00 as an offset to the adverse tax consequences of the award in this case; and (6) both attorneys fees and litigation expenses incurred in responding to any opposition to this motion or other post trial motion practice as set forth by supplemental declaration.

DATED this 17th day of May, 2012

GORDON THOMAS HONEYWELL LLP

By: /s/ James W. Beck
James W. Beck, WSBA No. 34208
Andrea H. McNeely, WSBA No. 36156
Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 11 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached PLAINTIFF'S MOTION FOR AWARD OF FEES AND COSTS by causing the same to be served by CM/ECF e-service on counsel for defendant at tmerrick@mhlseattle.com and tnelson@mhlseattle.com.

Dated this 17th day of May, 2012

By: /s/ Jennifer Milsten-Holder
Jennifer Milsten-Holder, Legal Assistant
Gordon Thomas Honeywell LLP

PLAINTIFF'S MOTION FOR AWARD OF FEES/COSTS - 12 of 12
NO. C10-1579 JCC
[100041254.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565